UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

**FILED**
**SCRANTON**

NOV 0 5 2014

PER _____ [signature]
DEPUTY CLERK

| | | |
|---|---|---|
| DARNELL LAMONT DOSS, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | CIVIL NO. 3:CV-14-0287 |
| | : | |
| DAUPHIN COUNTY PRISON, | : | (Judge Kosik) |
| | : | |
| Defendant | : | |

## MEMORANDUM

Plaintiff, Darnell Lamont Doss, at the time a pre-trial detainee confined at the

Dauphin County Prison, Pennsylvania, filed this civil rights action pursuant to 42

U.S.C. § 1983. He seeks leave to proceed in forma pauperis in this matter.[1] (Doc. 5.)

Named as defendant is the Dauphin County Prison. The complaint is before the court

for preliminary screening pursuant to 28 U.S.C. §1915(e).[2] For the reasons that

_____

[1] Plaintiff's motion will be construed as a request to proceed without pre-payment of the filing fee and will be granted. He has filed the required in forma pauperis and authorization forms. An Administrative Order was issued by the Clerk of Court on March 4, 2014 (Doc. 7), directing the warden at Plaintiff's present place of confinement to begin deducting the full filing fee from Plaintiff's inmate account.

[2] Section 1915(e)(2) of Title 28 of the United States Code provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that - (A) the allegation of

follow, the complaint will be dismissed without leave to amend.

## I.     Background

In the complaint, Plaintiff requests "Emergency Assistance" and contends that his rights are being violated at the Dauphin County Prison. He requests to be transferred to another prison immediately and seeks a declaratory judgment with respect to the violation of his rights. He complains about conditions including his placement in the RHU, his denial of various privileges, the issuance of a false incident report and the lack of due process in relation thereto, and being subjected to discrimination. He requests an "immediate preliminary injunction" in the form of a transfer to another facility. The only other relief requested is a declaration from this court that Defendant is violating his rights. These are the sole forms of relief sought.

## II.    Standard of Review

A complaint filed <u>in forma pauperis</u> may be dismissed if it is determined that the action is frivolous, malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. <u>See</u> 28 U.S.C. § 1915(e)(2)(B).

---

> poverty is untrue; or (B) the action or appeal (i) is frivolous
> or malicious; (ii) fails to state a claim on which relief may
> be granted; or (iii) seeks monetary relief against a defendant
> who is immune from such relief.

In deciding whether the complaint fails to state a claim on which relief may be granted, the court employs the standard used to analyze motions to dismiss under Fed. R. Civ. P. 12(b)(6). A court considering a motion to dismiss under Rule 12(b)(6) must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Eid v. Thompson, 740 F.3d 118, 122 (3d Cir. 2014)(internal quotations omitted). Dismissal is appropriate where the plaintiff has not alleged "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A complaint satisfies the plausibility standard when there is enough factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Additionally, pro se pleadings are held to a less stringent standard than formal pleadings drafted by attorneys and are to be liberally construed. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244-45 (3d Cir. 2013). Pro se litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. See Connelly, 706 F.3d at 217 (quoting Phillips v. Cnty. of Allegheny, 515 F.3d 224, 236 (3d Cir. 2008)). However,

dismissal without leave to amend is justified on the grounds of bad faith, undue delay, prejudice or futility. <u>Alston v. Parker</u>, 363 F.3d 229, 235-36 (3d Cir. 2004). Thus, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. <u>Grayson v. Mayview State Hospital</u>, 293 F.3d 103, 106 (3d Cir. 2002).

## III.  Discussion

In the complaint, Plaintiff specifically requests only declaratory and injunctive relief. He seeks to be transferred to a different prison and a declaration that the Dauphin County Prison violated his rights when: (1) no time and date was set for a disciplinary hearing after he was issued an incident report; (2) he was discriminated against and denied access to the courts; and (3) the warden was deliberately indifferent to the discrimination by the DCP staff.

It is well recognized that the adjudicatory power of a federal court depends upon "the continuing existence of a live and acute controversy." <u>Steffel v. Thompson</u>, 415 U.S. 452, 459 (1974). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." <u>Id.</u> at 459 n. 10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy regarding injunctive relief if unaccompanied by continuing, present adverse effects." <u>Rosenberg v. Meese</u>, 622 F. Supp. 1451, 1462 (S.D.N.Y. 1985)(citing <u>O'Shea v Littleton</u>, 414 U.S. 488,

495–96 (1974)).  A prisoner's transfer or release from prison moots his claims for injunctive or declaratory relief since he is no longer subject to the conditions he alleges are unconstitutional.  Abdul-Akbar v. Watson, 4 F.3d 195, 206-07 (3d Cir. 1993); see also Weaver v. Wilcox, 650 F.2d 22, 27 (3d Cir. 1981)("[A] prisoner lacks standing to seek injunctive relief if he is no longer subject to the alleged conditions he attempts to challenge."); Toney v. Bledsoe, 427 F. App'x 74 (3d Cir. 2011); Kerce v. Lappin, 2011 WL 864470, *3 (M.D. Pa. Mar. 9, 2011)(As a general rule an inmate's transfer to another prison, or his outright release from incarceration, moots a request for a declaratory judgment or injunctive relief")(citing Sutton v. Rasheed, 323 F.3d 235, 248 (3d Cir. 2003).

The only relief requested by Plaintiff in this action is injunctive and declaratory.  His requests are moot in that he is no longer confined at the Dauphin County Prison.  When the court contacted officials at the Dauphin County Prison to verify Plaintiff's whereabouts, we were informed that Plaintiff was released to the custody of the United States Marshal Service on April 7, 2014, and the prison had no further information as to his whereabouts.  In accessing Vinelink, the Pennsylvania Department of Corrections website and the Federal Bureau of Prisons website, there is no record evidencing that Plaintiff is still confined in either state or federal

custody.[3]  Since the filing of this lawsuit, he has not provided the court with an updated address.[4]

As such, the complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.  Leave to amend will not be afforded in that any amendment would be futile.  An appropriate order follows.

---

[3]  See https://www.vinelilnk.com, http://www.cor.pa.gov and http://www.bop.gov.

[4]  In another civil rights action filed by Plaintiff in this court, mail sent by the court to Plaintiff at his last known address of the Dauphin County Prison was returned to the court marked "Undeliverable/No forwarding address."  See Doss v. Dauphin County Prison, et al., Civil Action No. 3:14-cv-389 (M.D. Pa.).